UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MACK STEVEN MCCLOUD,

        Petitioner,

v.                                           Case No. 07-C-1050

WARDEN LARRY L. JENKINS,

        Respondent.

**ORDER**

On November 21, 2007, Mack Steven McCloud filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of three counts of delivery of less than five grams of cocaine, and one count of delivery of more than five but less than fifteen grams of cocaine. He was sentenced to twenty-eight years imprisonment, with fourteen years as initial confinement and fourteen years as extended supervision. He is currently incarcerated at Kettle Moraine Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified. Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

**I. Background**

Following McCloud's conviction, appellate counsel filed a no-merit report with the Wisconsin Court of Appeals pursuant to *Anders v. California*, 386 U.S. 738 (1967). McCloud was provided a copy of the no-merit report and filed a response. Upon consideration of the report and McCloud's response, the Wisconsin Court of Appeals summarily affirmed the judgment of conviction and post-conviction order on March 21, 2006, and the Wisconsin Supreme Court denied his petition for review on August 30, 2006. McCloud then filed a petition for a writ of habeas corpus in Court of Appeals pursuant to *State v. Knight*, 168 Wis. 2d 509, 522, 484 N.W.2d 540 (1992). The Court of Appeals denied the writ on July 24, 2007, on the ground that McCloud was required to raise the claims asserted in the trial court before proceeding to the Court of Appeals. McCloud filed a motion for reconsideration, claiming the wrong panel of the appellate court had disposed of his claim, but the court denied his motion on August 20, 2007, stating again that McCloud was required to seek relief in the circuit court rather than the court of appeals. McCloud apparently never returned to the trial court and instead sought review by the Wisconsin Supreme Court which denied his petition on November 5, 2007.

In his federal habeas petition filed in this court, McCloud claims that his trial, appellate, and postconviction counsel provided ineffective assistance, that he was arrested illegally in violation of his due process and Fourth Amendment rights, and that hearsay evidence was improperly admitted at his trial. According to McCloud, trial counsel rendered ineffective assistance by failing to challenge the constitutionality of a police search, failing to investigate two people who assisted with the police investigation of McCloud, and failing to make several objections. He claims counsel failed to object to improper in-court and photo identifications, deficiencies on the face of the

2

complaint and warrant, and the fact that the prosecution had not proven all elements of the offense beyond a reasonable doubt. He claims appellate counsel was ineffective for failure to raise ineffective assistance of trial counsel on appeal, and failure to provide "the exhibits and amended list of papers constituting the appeal record." (Pet. 6.) McCloud also claims that his Fourth Amendment and due process rights were violated when police entered his fiance's home without a search warrant and arrested him. Finally, he claims that his right to confrontation was violated when hearsay evidence was admitted in the course of police officers' testimony against him at trial.

**II. Ineffective Assistance of Counsel**

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). However, a petition for writ of habeas corpus should be dismissed if state remedies have not been exhausted as to any one of the petitioner's federal claims. *Rose v. Lundy*, 455 U.S. 509 (1982); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 667 (7th Cir. 1990). In deciding whether McCloud has exhausted his state remedies, the court considers whether his claims were "fairly presented" in state court and whether a meaningful and presently available state remedy exists. *Cruz*, 907 F.2d at 667. A habeas petitioner "has 'fairly presented' a claim to a state court if he has clearly informed the state court of the factual basis of that claim and has argued to the state court that those facts constituted a violation of the petitioner's constitutional rights." *Toney v. Franzen*, 687 F.2d 1016, 1021 (7th Cir. 1982).

Furthermore, once a state prisoner has exhausted his state court remedies, federal habeas relief may not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim:

3

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

**A. Trial Counsel**

On direct appeal, McCloud asserted two claims of ineffective assistance of trial counsel. First, he claimed counsel failed to challenge the sufficiency of the complaint. The court of appeals noted, however, that under *Strickland*, a claim of ineffective assistance of counsel required a showing that counsel's performance was deficient. The court concluded that the criminal complaint was sufficient and need not have contained references to those who assisted the police when the criminal charges were based upon the allegations of police officers who directly observed the crime. Thus, the court held, there was no merit to the claim that counsel was ineffective in failing to challenge the sufficiency of the complaint. The court's application of *Strickland* was reasonable. To prevail on a claim of ineffective assistance of counsel under *Strickland*, a petitioner "must show that counsel's performance was deficient . . .[and] . . . the deficient performance prejudiced the defense." 466 U.S. at 687. Counsel's decision not to challenge a lawful complaint does not constitute deficient performance. McCloud may not proceed with this claim.

McCloud's second claim of ineffective assistance of trial counsel alleged that counsel failed to investigate two individuals who assisted police during the investigation that led to McCloud's arrest. However, McCloud never indicated to the state court, nor has he clarified in his present
4

petition, what information his attorney would have gained from investigating the two people who cooperated with the police. The court of appeals noted that the complaint alleged that police officers bought the crack from McCloud on each occasion. Thus, it is difficult to see what relevant evidence would have been obtained from investigating the informants and McCloud offers none. The allegations fail to even to suggest how the alleged failure by counsel could have resulted in prejudice. Therefore, the claim fails.

McCloud also asserts several claims of ineffective assistance of trial counsel which he did not raise on appeal. He claims counsel should have challenged the constitutionality of a police search and moved for dismissal when the prosecution did not meet its burden of proof. Although by these allegations McCloud "has presented the same legal theory (ineffective assistance of counsel) to the state and federal courts, []he has not presented the same facts. Consequently, the state court has not had an opportunity to apply the controlling legal principles to the facts bearing upon [these] ineffective assistance claim[s]." *Cruz v. Warden of Dwight Correctional Center*, 907 F.2d 665, 669 (7th Cir. 1990). He has therefore failed to exhaust state court remedies as to this claim. Likewise, "the exhaustion requirement is not satisfied if a petitioner presents new legal theories" in a federal petition. *Id.* In his federal petition, McCloud claims trial counsel should have objected to in-court identifications of McCloud by police officers who had viewed his image in a photo array. This claim is based upon the same facts as a claim McCloud raised in state court, but presents a new legal theory. Before the court of appeals, he alleged that a photo array shown to police officers tainted subsequent in-court identifications. The court found his claim to be without merit and determined that the officers had an independent basis for identifying McCloud. In his federal petition, McCloud does not directly challenge his identification or the photo array. Rather,

5

he asserts that trial counsel provided ineffective assistance by failing to object to the identification. This constitutes a new legal theory and thus a failure to exhaust. Furthermore, absent a showing by clear and convincing evidence that the state court's factual determinations were incorrect and unreasonable, I must presume them to be correct. *Harding v. Walls*, 300 F.3d 824, 828 (7th Cir. 2002). The court of appeals determined that the officers personally observed McCloud delivering controlled substances both before and after the photo array, providing them with an independent basis for making the identifications. McCloud has not attempted to rebut this finding. In light of the court of appeal's factual determination, the identification was admissible, and it was not deficient performance when counsel failed to object. Therefore, even if McCloud had exhausted this claim, it would necessarily fail.

**B. Appellate and Postconviction Counsel**

McCloud's claim that appellate counsel rendered ineffective assistance will also be dismissed. McCloud first attempted to raised the issue of ineffective assistance of appellate counsel in state court on direct appeal, but the court correctly noted that until the court issued its decision, McCloud could not allege appellate counsel's performance caused him prejudice. McCloud then alleged ineffective assistance of appellate counsel in his petition for a writ of habeas corpus in state court, claiming appellate counsel provided ineffective assistance by failing to challenge his trial counsel's effectiveness. However, under Wisconsin law, if a claim of ineffective assistance of counsel is not raised as a postconviction motion, it is deemed waived. *State ex rel. Rothering v. McCaughtry*, 205 Wis. 2d 675, 677-78, 556 N.W.2d 136, 137-38 (Wis. Ct. App. 1996). Noting that no such post-conviction motion was filed in McCloud's case, the court of appeals acknowledged

6

that appellate counsel had no duty to raise a claim which had been waived, and interpreted McCloud's claim as a challenge to the performance of postconviction counsel.

McCloud never exhausted his state remedies with respect to a claim of ineffective assistance of postconviction counsel. The court of appeals twice informed McCloud that he must file a complaint in circuit court in order to seek redress for alleged deficiencies of postconviction counsel. He did not do so. Therefore, the state courts never reached the merits of McCloud's claim, leaving it unexhausted. Thus, to the extent McCloud's present allegations may be understood as a claim of ineffective assistance of post-conviction counsel, that claim too will be dismissed.[1]

McCloud now raises, for the first time, a second claim of ineffective assistance of appellate counsel, alleging counsel failed provide documents "constituting the appeal record." He raises this claim without exhausting state remedies. More importantly, it is vague, and does not indicate when or to whom McCloud believes counsel had a duty to provide documents, or how counsel's performance caused prejudice. The claim may not proceed.

**III. Fourth Amendment**

McCloud's allegations that his arrest violated the Fourth Amendment and his constitutional right to due process do not state a cognizable claim. Federal habeas review of a petitioner's arrest or search by state police is barred where the state has provided a full and fair opportunity to litigate

---

[1] 28 U.S.C. 2254(i) provides that "[t]he ineffectiveness or incompetence of counsel during Federal or State collateral postconviction proceedings shall not be a ground for relief in a proceeding arising under section 2254." Thus, there is generally no constitutional right to effective postconviction counsel. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). Here, however, the challenge asserted is that postconviction counsel failed to preserve the issue of ineffective assistance of trial counsel for direct appeal. Thus, it does not regard counsel's performance during a collateral proceeding, and is not precluded by 28 U.S.C. 2254(i).

an illegal arrest or a search and seizure claim. *Stone v. Powell*, 428 U.S. 465, 494-495 (1976). The state provided such an opportunity, and McCloud contested the lawfulness of his arrest on direct appeal. He may not seek federal habeas relief on that basis.

**IV. Hearsay Testimony**

McCloud's petition also claims he was denied his constitutional right to confrontation, alleging that two police officers' testimony at trial included hearsay evidence as to the statements of two civilians. The Confrontation Clause of the Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him." Habeas relief can be appropriate if evidentiary rulings were so prejudicial that they compromised the petitioner's due process right to a fundamentally fair trial. *Anderson v. Sternes*, 243 F.3d 1049, 1053 (7th Cir. 2001). Here, however, it appears that the officers simply recounted conversation surrounding the drug transactions at which they were present. If so, the statements of third parties who were also present would not constitute hearsay. *See United States v. Breland*, 356 F.3d 787, 792 (7th Cir. 2004) ("[O]ut-of-court statements when offered as background information to put an officer's actions in context because they are not being offered for the truth of the matter asserted."); *United States v. Gajo*, 290 F.3d 922, 929-30 (7th Cir.2002) (holding statements of an informant may be admitted as non-hearsay to provide context to a conversation). If statements are admissible because they are non-hearsay, there is no confrontation clause problem. *Martinez v. McCaughtry*, 951 F.2d 130, 133-34 (7th Cir.1991). Thus, it would appear that McCloud's confrontation claim fails on its merits. But even aside from the merits, McCloud did not challenge the admission of the testimony in state court. Though instructed twice by the Wisconsin Court of Appeals that he had
8

to raise the claim in the circuit court, he never did. Accordingly, his claim will be dismissed for failure to exhaust state remedies.

### V. Conclusion

In sum, the claims McCloud presents, to the extent they were previously submitted to state courts, have been resolved in a reasonable fashion consistent with federal law and United States Supreme Court precedent and must be dismissed. Claims not so submitted must be dismissed for failure to exhaust.

**THEREFORE, IT IS ORDERED** that this petition is summarily dismissed pursuant to Rule 4 of the Rules Governing § 2254 Cases.

Dated this   21st   day of December, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
