UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MACK STEVEN MCCLOUD,

    Petitioner,

v.                                        Case No. 07-C-1050

WARDEN LARRY L. JENKINS,

    Respondent.

**ORDER DENYING MOTION FOR RECONSIDERATION**

        On November 21, 2007, Mack Steven McCloud filed a petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Milwaukee County Circuit Court of three counts of delivery of less than five grams of cocaine, and one count of delivery of more than five but less than fifteen grams of cocaine. He was sentenced to twenty-eight years imprisonment, with fourteen years as initial confinement and fourteen years as extended supervision. He is currently incarcerated at Kettle Moraine Correctional Institution. In a habeas screening order, I dismissed McCloud's petition, finding that to the extent his claims were previously submitted to state courts, they were resolved in a reasonable fashion consistent with federal law and United States Supreme Court precedent. I dismissed McCloud's claims which had not been properly submitted to state courts for failure to exhaust. McCloud has now filed a motion for reconsideration.

        A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered

evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665-66 (N.D. Ill. 1976), aff'd 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Because the conditions that would justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

McCloud's motion for reconsideration contains no new evidence and points to no controlling law that would allow his habeas petition to be revived. McCloud argues that the court erred in its analysis of his claim that he was denied his constitutional right to confrontation when two police officers' testimony at trial included hearsay evidence as to the statements of two civilians. As I noted in my order of dismissal, the statements may have been admissible as non-hearsay to provide context for the officer's actions and conversation. McCloud has filed portions of the transcript of the officer's testimony to support his contention that the statements were inadmissible. However, the order of dismissal clearly indicates that the claim was not dismissed upon its merits, but for failure to exhaust state remedies. McCloud provides no evidence to support a finding that he has exhausted state remedies as to his claim. He now claims he did challenge the admissibility of the statements in state court, and denies that the Wisconsin Court of Appeals instructed him that to do so he must raise his claim before the circuit court. However, this claim is directly contradicted by the decisions of the state court McCloud submitted with his petition.

2

McCloud also contends that the court erred in dismissing his claim that his trial counsel rendered ineffective assistance by failing to investigate two individuals who assisted police during the investigation that led to McCloud's arrest. However, McCloud admits in his motion to reconsider that he cannot suggest what relevant evidence might have been attained by such an investigation. Therefore, as explained in the order of dismissal, McCloud cannot show counsel's performance resulted in prejudice, and his claim may not proceed.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration is **DENIED**.

Dated this   4th   day of January, 2008.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge