UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MACK STEVEN MCCLOUD,

    Petitioner,

v.                                Case No. 07-C-1050

WARDEN LARRY L. JENKINS,

    Respondent.

**ORDER**

On November 21, 2007, Petitioner Mack Steven McCloud filed this petition pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. I dismissed the petition pursuant to Rule 4 of the Rules Governing § 2254 Proceedings. McCloud has now filed a request for leave to proceed on appeal in forma pauperis; he also requires a certificate of appealability to proceed further. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

The certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To do so, the appellant must demonstrate that reasonable jurists could debate whether his habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

McCloud raised a number of issues in his habeas petition. First, he claimed ineffective assistance of counsel for trial counsel's failure to challenge the sufficiency of the complaint. I found the state court's reasoning unassailable, as counsel's decision not to challenge a lawful complaint did not constitute deficient performance. I also found reasonable the state court's conclusion that

counsel's failure to investigate two police informants was not ineffective assistance, when the police bought crack from McCloud directly, and there was no indication what relevant evidence could have been obtained from the investigation. McCloud raised several additional claims of ineffective assistance of trial and appellate counsel. I found that he had failed to exhaust these claims before the pertinent state authorities. McCloud further alleged that this arrest violated his right to due process, but I noted that federal habeas review of this claim was barred because McCloud was provided a full and fair opportunity to contest the lawfulness of his arrest on direct appeal and did so. Finally, McCloud claimed he was denied his constitutional right to confrontation when two police officers testified at his trial as to the statements of two civilians. However, I found McCloud had failed to exhaust his state remedies as to this claim as well.

Accordingly, my conclusions about the merits of McCloud's petition do not suggest that any of the claims brought in the petition fall into the category of "debatable." As such, McCloud has not made a substantial showing that he was denied a constitutional right, and the certificate of appealability is therefore DENIED.

Although I have concluded that the certificate of appealability should not issue, I do not find that the appeal is taken in bad faith. 28 U.S.C. § 1915(a)(3). Bad faith is a lower standard than that considered in the request for a certificate of appealability, and I do not find the appeal so meritless that pursuing it constitutes bad faith. *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). Accordingly, McCloud's request to proceed in forma pauperis on appeal is GRANTED.

**SO ORDERED** this   29th   day of January, 2008.

> s/ William C. Griesbach
> William C. Griesbach
> United States District Judge